**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

| | | |
|---|---|---|
| **SIMONE NEAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:  3:23-cv-3582** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARION, ILLINOIS UNIT 2 SCHOOL DISTRICT,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Simone Neal, by and through her undersigned counsel, and, for her Complaint, states as follows:

## NATURE OF THE COMPLAINT

1.     This is a civil action arising under the laws of the United States, and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*.

## THE PARTIES

2.     Ms. Neal is a resident of Harrisburg, Saline County, Illinois who was, at all relevant times, employed by Defendant Marion, Illinois Unit 2 School District at its facility in Marion, Williamson County, Illinois.

3.     Defendant Marion, Illinois Unit 2 School District is a local school district authorized under the laws of the State of Illinois.  Defendant District's principal place of business is located at 1700 West Cherry Street, Marion, IL  62959.  Its registered agent for service of process is Superintendent Becky Moss, who may be served at 1700 West Cherry Street, Marion, IL  62959.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over Ms. Neal's claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, because it raises a federal question pursuant to 28 U.S.C. § 1331.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Ms. Neal in Williamson County, Illinois, which is located within this judicial district.

6.      Ms. Neal filed a timely charge of discrimination with the Equal Employment Opportunity Commission with respect to her Title VII claim, a copy of which is attached hereto as Exhibit A.  Ms. Neal received a Notice of Right to Sue from the EEOC with respect to her Title VII less than ninety days prior to the filing of this Complaint, a copy of which is attached hereto as Exhibit B.

**FACTUAL BACKGROUND**

7.      Defendant District operates a public-school system consisting of several schools located throughout Marion, Illinois and one school located in Creal Springs, Illinois.

8.      Ms. Neal is an African-American woman.

9.      Ms. Neal is a certified teacher who has taught English within the District for approximately eighteen years.

10.     Ms. Neal has a Master's Degree in Curriculum and Instruction focusing on reading and language studies.

11.     In or about 2018, Ms. Neal earned a second Master's Degree in Educational Administration.

12.     After witnessing significant turnover in administrative positions, Ms. Neal believed the acquisition of her second Master's Degree would help her move into administration as either a vice principal or principal.

13.     Ms. Neal applied for multiple administrative positions within school buildings and at least one central office position, but Defendant awarded each position to a different candidate.

14.     Ms. Neal had educational qualifications at least equal to the candidates hired over her.

15.     Ms. Neal had more years of teaching experience than the candidates hired over her.

16.     Each of the candidates hired over Ms. Neal was White.

17.     Defendant described the reasons for not hiring Ms. Neal as her "not being the right fit," not having the right "personality," and being "outspoken," which are code terms for racial discrimination.

18.     Ms. Neal asked what would make her a better fit, but she received no guidance other than the suggestion that she move to a different school district.

19.     Defendant's student body is now approximately fifteen percent minority, but Defendant has fewer than ten individuals of minority backgrounds working either as teachers or administrators.

20.     Defendant's actions complained of herein were intentional, willful, deliberate, knowing, and malicious.

21.     As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Ms. Neal has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION
### OF TITLE VII OF THE CIVIL RIGHTS ACT

22.     Ms. Neal realleges and incorporates herein the allegations contained in Paragraphs 1 – 21.

23.     Defendant's actions alleged herein constitute discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

24.     Ms. Neal's race was a motivating factor in Defendant's treatment of her.

25.     Defendant's actions on the basis of Ms. Neal's race were willful and knowingly committed.

26.     As a direct and proximate result of Defendant's adverse treatment of Ms. Neal in violation of Title VII of the Civil Rights Act of 1964, Ms. Neal was injured and suffered damages.

27.     Ms. Neal has sustained a loss of back pay, benefits, incidental expenses, and front pay.

28.     Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Ms. Neal's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

WHEREFORE, Plaintiff respectfully prays as follows:

1.     That Defendant be served and required to answer within the time prescribed by law;

2.     That a jury of eight try this cause;

3.     That the Court award Plaintiff judgment for damages of the lost compensation she has suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

4.  That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5.  That Defendant be ordered to pay punitive damages in an amount to be determined at trial;

6.  That the Court award Plaintiff additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial;

8.  That costs and attorney's fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k);

9.  That costs and discretionary costs be taxed against Defendant;

10.  That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

11.  That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

12.  For such other and further relief as the Court may find appropriate.

Respectfully Submitted,

 _s/ D. Wes Sullenger_____
D. Wes Sullenger, IL ARDC # 6322019
                  KY BAR # 91861
                  TN BPR # 021714

Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY  42003
Voice:  (270) 443-9401
Fax:     (270) 596-1082

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Simone Neal*

6